NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-33

STATE OF LOUISIANA

VERSUS

JOHN STANLEY

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 289037
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, James T. Genovese, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**

James C. Downs
District Attorney - Ninth Judicial District
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
COUNSEL FOR APPELLEE:
        State of Louisiana

**Michael Anderson Brewer**
**Attorney at Law**
**1330 Jackson Street**
**Alexandria, LA 71301**
**(318) 443-4006**
**COUNSEL FOR DEFENDANT-APPELLANT:**
      **John Stanley**

**GENOVESE, Judge.**

On April 22, 2008, Defendant, John Stanley, was found guilty of aggravated burglary, a violation of La.R.S. 14:60, and sentenced to twenty years at hard labor. This court affirmed his conviction and sentence on May 6, 2009. *State v. Stanley*, an unpublished opinion bearing docket number 08-1484 (La.App. 3 Cir. 5/6/09).

Defendant filed an application for post-conviction relief (PCR) on May 31, 2011, claiming his counsel was ineffective. On January 17, 2012, Defendant filed another application for PCR alleging ineffective assistance of counsel. On July 19, 2012, the trial court denied the application for PCR filed on May 31, 2011, as repetitive. Defendant then filed a motion for out-of-time appeal, seeking review of the denial of his application for PCR.[1] The trial court granted Defendant's out-of-time appeal on September 24, 2012.

Thereafter, on January 15, 2013, this court issued a rule to show cause why the appeal should not be dismissed as the judgment at issue is not appealable. Defendant submitted a response explaining he filed the matter as an appeal because "any reasonable delays for seeking a writ of review and/or an appeal had already passed," and he believed the judgment was final "because the appropriate delays had passed."

The judgment at issue is not appealable. *See* La.Code Crim.P. art. 930.6(A). Accordingly, we hereby dismiss Defendant's appeal; however, Defendant may seek supervisory writs from the trial court's ruling. Defendant is not required to file notice of intent to seek writs nor obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4–3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

---

[1] The record contains only the first page of the motion for out-of-time appeal.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.**